NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

MAY 1 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 18-10011 |
| Plaintiff-Appellee, | D.C. No. 4:16-cr-01845-JGZ-EJM-1 |
| v. | |
| RAFAEL ARGENIS GIL-GARCIA, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the District of Arizona
Jennifer G. Zipps, District Judge, Presiding

Submitted April 15, 2019[**]
San Francisco, California

Before: HAWKINS and M. SMITH, Circuit Judges, and VRATIL,[***] District Judge.

Rafael Gil-Garcia appeals his convictions for conspiracy to possess with

intent to distribute heroin and methamphetamine (Count 1), conspiracy to import the

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Kathryn H. Vratil, United States District Judge for the District of Kansas, sitting by designation.

same substances (Count 4), as well as the underlying offenses of possession with intent to distribute and importation of the same substances (Counts 2–3 and 5–6). On appeal, defendant challenges the sufficiency of the indictment and the evidence of conspiracy and also challenges the expert testimony of DEA Agent Michael Garbo. We have jurisdiction under 28 U.S.C. § 1291 and affirm.

1.  Because defendant did not object below to the sufficiency of the indictment, we review his challenge on appeal for plain error. See United States v. Rodriguez, 360 F.3d 949, 958 (9th Cir. 2004).

An indictment must contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." Fed. R. Crim. P. 7(c)(1). Defendant argues that the charge that he conspired with "unknown" co-conspirators fails to state an element of the offense of conspiracy, i.e. an agreement. It is well established, however, that the agreement to commit the offense – not the specific identity of the conspirators – is the essential element of the crime. See Rogers v. United States, 340 U.S. 367, 375 (1951) ("[A]t least two persons are required to constitute a conspiracy, but the identity of the other members of the conspiracy is not needed, inasmuch as one person can be convicted of conspiring with persons whose names are unknown.") (footnote omitted). The two conspiracy counts adequately informed defendant of the alleged conspiratorial agreement. United States v. Alber, 56 F.3d 1106, 1111 (9th Cir. 1995) ("An indictment is sufficient if

it contains the elements of the charged crime in adequate detail to inform the defendant of the charge and to enable him to plead double jeopardy.") (quoting United States v. Buckley, 689 F.2d 893, 896 (9th Cir. 1982)). Defendant has not shown any defect in the indictment that constitutes plain error.

2.      At the close of the government's case, defendant moved under Rule 29, Fed. R. Crim. P., for judgment of acquittal based on sufficiency of the evidence. He did not renew his motion at the close of all the evidence. Accordingly, we review his contention on appeal for plain error. See United States v. Cruz, 554 F.3d 840, 844 (9th Cir. 2009).

Defendant argues that the evidence was insufficient to support the two conspiracy charges because (1) he was the sole occupant of the vehicle in which the drugs were found and (2) the government presented no evidence that he agreed with a specific individual to commit the underlying offenses. In reviewing the sufficiency of the evidence, we must determine – after viewing the evidence in the light most favorable to the prosecution – whether "*any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." United States v. Nevils, 598 F.3d 1158, 1163–64 (9th Cir. 2010) (en banc) (quoting Jackson v. Virginia, 443 U.S. 307, 319 (1979)).

The government presented only circumstantial evidence that defendant agreed with another individual to possess with intent to distribute and to import controlled

substances.  Even so, a rational jury could have found beyond a reasonable doubt the requisite agreement on both conspiracy counts based on (1) the quantity and value of the drugs, (2) the packaging and labeling of the drugs, (3) the sophistication of the hidden compartment, and (4) defendant's testimony that he did not put the drugs in the tailgate and did not know even how to construct or install the hidden compartment.  See United States v. Sullivan, 522 F.3d 967, 976 (9th Cir. 2008) ("The agreement need not be explicit; it is sufficient if the conspirators knew or had reason to know of the scope of the conspiracy and that their own benefits depended on the success of the venture.") (quoting United States v. Montgomery, 384 F.3d 1050, 1062 (9th Cir. 2004)); United States v. Garcia, 151 F.3d 1243, 1245 (9th Cir. 1998) ("An inference of an agreement is permissible only when the nature of the acts would logically require coordination and planning.").

3.    At trial, defendant did not object to the expert testimony of Agent Garbo.  Accordingly, we review the district court's admission of such testimony for plain error.  United States v. Lloyd, 807 F.3d 1128, 1152 (9th Cir. 2015).

At trial, defendant testified that in essence he was an unknowing courier or blind mule, and that his fingerprints would not be on the tailgate which contained the drugs.  Agent Garbo testified that the drugs' value was approximately $300,000 and that it was unlikely that a drug trafficking organization would use an unknowing courier due to the difficulty and financial risks.  This testimony was relevant,

probative of defendant's knowledge and not unfairly prejudicial. See United States v. Sepulveda-Barraza, 645 F.3d 1066, 1072 (9th Cir. 2011) (testimony that drugs were worth more than $150,000 and that drug trafficking organizations do not normally use unwitting couriers for high value shipments "went right to the heart" of unknowing courier defense); see also United States v. Pineda-Torres, 287 F.3d 860, 865 (9th Cir. 2002) ("[L]imited drug structure testimony is admissible in drug importation cases when the defense opens the door by introducing evidence that the government did not attempt to lift fingerprints."). Likewise, Agent Garbo's general testimony about drug trafficking organizations and dry runs was relevant to show that others were involved, to help provide context for the testimony about unknowing couriers, and to give a possible reason for defendant's multiple border crossings in the prior months. Defendant has not shown that the district court committed plain error in admitting Agent Garbo's testimony.

**AFFIRMED**.